ELANEX PHARMACEUTICALS,
INC., Plaintiff,

v.

WEGNER & BRETSCHNEIDER, P.C.,
et al., Defendants.

Civ. A. No. 89–1993 (OG).

United States District Court,
District of Columbia.

Sept. 8, 1989.

Stuart F. Pierson, Washington, D.C., for plaintiff.

Paul D. Krause, Washington, D.C., for defendants.

## MEMORANDUM–ORDER

GASCH, District Judge.

The parties have agreed to have the following matters resolved without oral argument.

Plaintiff Elanex Pharmaceuticals ("Elanex") moves the Court to remand this case to the Superior Court of the District of Columbia. Defendants consent to the remand. Both parties agree that removal was improper. The Court agrees that the case should be remanded to the Superior Court.

Plaintiff also seeks sanctions under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(c). Rule 11 states that

[the] signature of an attorney or party constitutes a certificate by the signer that ... to the best of the signer's knowledge, information, and belief formed *after reasonable inquiry* it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law....

(Emphasis supplied). 28 U.S.C. § 1447(c) clarifies that the Court may award attorneys' fees "incurred as a result of removal."

Defendants removed this case purportedly pursuant to 28 U.S.C. § 1441. However, one of the defendants, Wegner & Bretschneider, is a citizen of the District of Columbia. Therefore, removal was improper because the removal statute, 28 U.S.C. § 1441(b), prohibits removal where *any* defendant is a citizen of the jurisdiction in which the action is brought.

Plaintiff contends that sanctions are appropriate here because removal was so improper that the defendants could not have undertaken a reasonable inquiry as is required by Rule 11. The plaintiff is correct that the legal issue here is not complex, nor is the existing law ambiguous.

The defendants, on the other hand, argue that the removal was a "mistake" and an "oversight" and that the case was removed in good faith.

However, since Rule 11 imposes affirmative obligations upon the defendants, the fact that the case was removed in good faith will not protect them from sanctions. The Court believes that it is proper to award to Elanex reasonable expenses, including reasonable attorneys' fees incurred because of the improper removal. The defendants, and not Elanex, should bear the costs of this mistake.

Defendants have filed a Motion for a More Definite Statement. Since the case is

remanded to the Superior Court, the defendants' motion is now moot.

Therefore, upon consideration of Plaintiff's Motion to Remand and For Sanctions, the opposition thereto, the Defendants' Motion for a More Definite Statement, the opposition thereto, and the entire record herein, it is by the Court this 7th day of September, 1989

ORDERED that Plaintiff's Motion to Remand and for Sanctions be, and hereby is, granted; and it is further

ORDERED that Defendants' Motion for a More Definite Statement be, and hereby is, denied as moot; and it is further

ORDERED that plaintiff is entitled to its reasonable expenses, including attorneys' fees incurred in bringing its Motion to Remand and for Sanctions. No later than September 22, 1989, plaintiff shall submit to this Court and to the defendants its statement of expenses, including attorneys' fees incurred herein. The defendants shall reimburse the plaintiff, or file an objection as to the amount sought with the Court, no later than October 6, 1989.